R. Bradford Huss, SBN 71303
Robert F. Schwartz, SBN 227327
Clarissa A. Kang, SBN 210660
TRUCKER ✦ HUSS
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104
Telephone:   (415) 788-3111
Facsimile:   (415) 421-2017
E-mail:      ckang@truckerhuss.com

Attorneys for Plaintiff
Trudy G. Hemphill

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUDY G. HEMPHILL,<br><br>Plaintiff,<br><br>vs.<br><br>PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES J. RYSKAMP, JR.; JAMES J. RYSKAMP, JR., M.D., INC.; JAMES J. RYSKAMP, JR., M.D., INC. 401(k) PROFIT SHARING PLAN; RYSKAMP-TAKAYAMA 401(K) PROFIT SHARING PLAN; JUDITH DICKISON RYSKAMP, as an individual and as TRUSTEE OF THE JAMES J. RYSKAMP, JR. AND JUDITH DICKISON RYSKAMP LIVING TRUST,<br><br>Defendants. | Case No. 1:05-CV-01319-REC-SMS<br><br>**SECOND AMENDED COMPLAINT** |

## JURISDICTION

1.   This action for injunctive, equitable, declaratory and monetary relief is brought pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132) and the Declaratory Judgment Act, 28 U.S.C. § 2201. This court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 (federal question) because this action arises under the laws of the United States.

SECOND AMENDED COMPLAINT
Case No. 1:05-CV-01319-REC-SMS

1

## VENUE

2.  Venue lies in the Eastern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plaintiff resides in this judicial District and the breaches alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial District.

## INTRADISTRICT ASSIGNMENT

3.  In accordance with Local Rule 3-120, this action is properly assigned to the Fresno division of this District. This action arises in Fresno County because the breaches alleged occurred in that county and the majority of the defendants to this action may be found there.

## PARTIES

4.  At all relevant times, Plaintiff Trudy G. Hemphill ("Ms. Hemphill" or "Plaintiff") was a participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), and an alternate payee, as defined in ERISA § 206(d)(3)(K), 29 U.S.C. § 1056(d)(3)(K) in the James J. Ryskamp Jr., M.D., Inc. 401(k) Profit Sharing Plan (the "Ryskamp Plan") and one or more of its several predecessors, including the James J. Ryskamp Jr., M.D., Inc. Money Purchase Pension Plan ("Ryskamp MP Plan"), the James J. Ryskamp Jr., M.D., Inc. Profit Sharing Plan ("Ryskamp PS Plan"), the Ryskamp-Pollock Pension and Profit Sharing Plan ("Ryskamp-Pollock Plan") and the Ryskamp-Takayama 401(k) Profit Sharing Plan ("Ryskamp-Takayama Plan"). She was an employee of Defendant California corporation James J. Ryskamp Jr., M.D., Inc. She was formerly married to James J. Ryskamp, Jr. Ms. Hemphill resides in Fresno County, California.

5.  James J. Ryskamp, Jr. ("Ryskamp") was Ms. Hemphill's former husband and the principal of Defendant California corporation James J. Ryskamp Jr., M.D., Inc. Plaintiff further alleges, upon information and belief, that Ryskamp was a Trustee and a "fiduciary" within the meaning of that term under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), with respect to the Ryskamp Plan and its predecessors (i.e. the Ryskamp MP Plan, the Ryskamp PS Plan, the Ryskamp-Takayama Plan, and the Ryskamp-Pollock Plan), in that he exercised discretionary authority or discretionary control respecting management of the plans, and/or exercised authority

or control respecting management or distribution of the plans' assets, and/or had discretionary authority or discretionary responsibility in the administration of the plans. Ryskamp was also a "party in interest" within the meaning of Section 3(14) of ERISA, 29 U.S.C. § 1002(14). Ryskamp died on September 25, 2005, thus this action is brought against the personal representative of his estate, Estate of James J. Ryskamp, Jr. ( the "Ryskamp Estate") and the Trustee of Ryskamp's revocable living trust, which Plaintiff believes to be named The James J. Ryskamp, Jr. and Judith Dickison Ryskamp Living Trust (the "Ryskamp Trust"). If Plaintiff discovers that the Ryskamp Trust is incorrectly named in this lawsuit, Plaintiff will amend this Second Amended Complaint to make the appropriate correction. Upon information and believe, Plaintiff alleges that Judith Dickison Ryskamp, Ryskamp's widow, is both the personal representative of the Ryskamp Estate and the trustee of the Ryskamp Trust. Before his death, Ryskamp resided in Fresno County, California.

6. Defendant James J. Ryskamp Jr. M.D., Inc. ("Ryskamp Inc.") is a California corporation that has a principal place of business in Fresno, California. Upon information and belief, Plaintiff alleges that Ryskamp Inc. is an "employer," "plan sponsor," "party in interest," and "administrator" within the meanings of ERISA §§ 3(5), 3(14), and 3(16), 29 U.S.C. §§ 1002(5), 1002(14), and 1002(16), with respect to the Ryskamp Plan and its predecessors and as such, is a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), with respect to such plans, in that it exercised discretionary authority or discretionary control respecting management of the plans, and/or exercised authority or control respecting management or distribution of the assets of the plans, and/or had discretionary authority or discretionary responsibility in the administration of the plans.

7. Upon information and belief, Defendant James J. Ryskamp Jr., M.D., Inc. 401(k) Profit Sharing Plan (the "Ryskamp Plan") was and is an "employee pension benefit plan" within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and a "defined contribution plan" within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34).

8. Upon information and belief, Defendant Ryskamp-Takayama 401(k) Profit Sharing Plan ("Ryskamp-Takayama Plan") was and is an "employee pension benefit plan" within the

meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and a "defined contribution plan" within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34). Upon information and belief, the Ryskamp-Takayama Plan was and is a predecessor to the Ryskamp Plan and which held, and may still hold, some or all of the benefits to which Ms. Hemphill is entitled. The Ryskamp Plan and the Ryskamp-Takayama Plan will be collectively referred to herein as the "Defendant Plans."

9. Defendant Judith Dickison Ryskamp ("Mrs. Ryskamp") is an individual and the surviving spouse of Ryskamp. Upon information and belief, Mrs. Ryskamp is a "party in interest," within the meaning of Section 3(14) of ERISA, 29 U.S.C. § 1002(14). Upon information and belief, Plaintiff further alleges that Mrs. Ryskamp was named in Ryskamp's Last Will and Testament as the executor of the Ryskamp Estate and that Mrs. Ryskamp has petitioned for appointment as the personal representative of the Ryskamp Estate from the California State Superior Court for Fresno County in the probate of the Ryskamp Estate. Upon information and belief, Plaintiff alleges that Mrs. Ryskamp and Ryskamp had a revocable living trust for which Mrs. Ryskamp is the trustee. Plaintiff further alleges, upon information and belief, that Mrs. Ryskamp was a beneficiary of Ryskamp's benefits under the Defendant Plans and received Ryskamp's benefits from the Defendant Plans following Ryskamp's death. Thus, Plaintiff sues Mrs. Ryskamp individually as well as in her capacity as the personal representative of the Ryskamp Estate and the trustee of the Ryskamp Trust. Plaintiff alleges, upon information belief, that Mrs. Ryskamp is a resident of Fresno County, California.

## FACTS

10. Ms. Hemphill married Ryskamp on September 18, 1981.

11. Shortly thereafter, in 1982, Ms Hemphill became employed by Ryskamp Inc. to work in the Fresno, California office Ryskamp maintained for his surgical practice.

12. During Ms. Hemphill's employment, Ryskamp joined his surgical practice for periods of time with that of other physicians, including Dr. Norio Takayama and Dr. William Pollock.

13. By virtue of her employment, Ms. Hemphill became a vested participant in the Ryskamp MP Plan, the Ryskamp PS Plan, and the Ryskamp-Pollock Plan.

14. Upon information and belief, Plaintiff alleges that the Ryskamp MP Plan and the Ryskamp PS Plan merged into the Ryskamp-Pollock Plan in 1989.

15. Ms. Hemphill separated from Ryskamp in January 1990, and obtained a judgment of dissolution of her marriage to Ryskamp on January 17, 1992.

16. Ms. Hemphill continued to receive a salary from Ryskamp Inc. until 1991.

17. Upon information and belief, Plaintiff alleges that in 1993, other participants in the Ryskamp-Pollock Plan were afforded the opportunity to self-invest the funds held in their employee benefit plan accounts. Ms. Hemphill was never informed of such an opportunity and was never afforded the opportunity to self-invest her interests in the Defendant Plans or their predecessors.

18. Upon information and belief, Plaintiff alleges that the Ryskamp-Pollock Plan terminated and its assets were transferred to the Ryskamp-Takayama Plan sometime in 1994.

19. A Stipulated Qualified Domestic Relations Order ("QDRO") was entered on August 10, 1994 in the marital dissolution proceeding involving Ms. Hemphill and Ryskamp. The QDRO created and assigned to Ms. Hemphill, as an alternate payee, the right to $50,000 of Ryskamp's interest in the Ryskamp-Takayama Plan. By the terms of the QDRO, Ms. Hemphill could receive this interest in the Ryskamp-Takayama Plan pursuant to her written instructions at any time following the date the QDRO was approved by the Plan Administrator of the Ryskamp-Takayama Plan.

20. The QDRO further granted Ms. Hemphill all of the rights and election privileges afforded to active participants in the Ryskamp-Takayama Plan.

21. The QDRO also specified that the Ryskamp-Takayama Plan was obligated to provide Ms. Hemphill with "all notices and information with respect to the retirement benefits as herein divided, including, for example, annual reports, annual accounts, any new or revised retirement booklets or bulletins."

22. The court in the marital dissolution proceeding entered other orders on August 11, 1994 regarding the division of community property and non-community property between Ms. Hemphill and Ryskamp ("August 11, 1994 Orders"). These orders stated that Ms. Hemphill was

entitled to not only $50,000 of Ryskamp's benefits under the Ryskamp-Takayama Plan created by the QDRO but also to her vested interest in three other employee benefit plans or their successors. Ms. Hemphill was entitled to (1) an amount not less than $5,668 in the Ryskamp MP Plan, or any successor; (2) an amount not less than $2,661 in the Ryskamp PS Plan, or any successor; and (3) an amount not less than $4,600 in the Ryskamp-Pollock Plan, or any successor. The August 11, 1994 Orders further stated that Ms. Hemphill and Ryskamp would cooperate in the process of accomplishing the distributions set forth in the August 11, 1994 Orders in a timely fashion.

23. On September 8, 1994, Ryskamp, as Plan Administrator and Trustee of the Ryskamp-Takayama Plan, certified the QDRO as a qualified domestic relations order and approved the distribution of benefits to Ms. Hemphill in accordance with the QDRO.

24. On or about September 15, 1994, Ms. Hemphill received papers from the Defendant Plans' third party administrator (the "TPA") regarding her right to elect distribution of the smallest of the four benefit amounts – the $2,661 – specified in the August 11, 1994 Orders. She did not receive any papers regarding distribution of the three larger amounts – the $50,000, the $5,668 and the $4,600. When Ms. Hemphill asked the TPA about distribution of the three larger amounts, the TPA informed her that she would not receive distribution paperwork for the three larger amounts until the forms for the smallest amount were completed and returned.

25. In mid-1996, Ms. Hemphill's accountant requested, on Ms. Hemphill's behalf, distribution and accounting of all four amounts specified in the August 11, 1994 Orders. Ryskamp never did provide distribution election forms to Ms. Hemphill following her accountant's request in 1996.

26. Ms. Hemphill contacted the TPA directly in 2002 to request distribution of her benefits in the Defendant Plans. The TPA referred Ms. Hemphill to make her inquiries to the Ryskamp, Inc. "plan administrative committee" but did not inform her how to contact the plan administrative committee. The TPA further informed Ms. Hemphill that she could not receive a distribution from the Defendant Plans because Ryskamp had not yet filed tax forms for year 2001 and that she would have to wait until his tax forms were filed before she could receive any benefits.

27.     Having received none of the information she requested, Ms. Hemphill sent Ryskamp a letter on August 4, 2003 requesting distribution of her benefits under the Defendant Plans, the forms necessary for the distribution, and account statements for her interest in the Defendant Plans. Ms. Hemphill sent the August 4, 2003 letter via certified mail to both Ryskamp's home and office. Both letters were received. However, Ryskamp failed to respond.

28.     On November 24, 2004, the TPA sent Ms. Hemphill distribution election forms for a $50,000 benefit from the Ryskamp Plan – i.e., the amount originally awarded to Ms. Hemphill in the QDRO, with no earnings in the subsequent ten years.

29.     On or around December 3, 2004, Ms. Hemphill contacted the TPA by telephone and by letter to request, again, copies of account statements of her interests, summary annual reports, summary plan descriptions, and Form 5500 Annual Return/Reports for the Defendant Plans from 1990 to present.

30.     The TPA replied on December 20, 2004, stating that Ms. Hemphill should not contact it regarding her interest in the Defendant Plans but should contact the Ryskamp, Inc. plan administrative committee. Again, Ms. Hemphill was not told how and where the Ryskamp, Inc. plan administrative committee could be contacted. The TPA asked Ms. Hemphill not to contact it in the future but to contact its attorney.

31.     On December 31, 2004, Ms. Hemphill sent a letter to the TPA's attorney requesting copies of account statements of her interests, summary annual reports, summary plan descriptions, documents showing where her interests were being held by the Defendant Plans, documents regarding changes made to the Defendant Plans and Form 5500 Annual Return/Reports for the Defendant Plan and their predecessors from 1990 to present for the express purpose of accepting a rollover distribution of her benefits in the Defendant Plans. She received no response.

32.     On February 3, 2005, Ms. Hemphill wrote to Ryskamp, through his attorney, to request Summary Plan Descriptions, Summaries of Material Modifications, Form 5500s, her individual benefit statements, and banking and brokerage statements that reveal where her plan benefits were being held and have been held from 1990 to the date of the letter. Ryskamp failed to respond.

33. On March 29, 2005, Ms. Hemphill, through her attorney, made yet another written request to Ryskamp and the TPA for information and documents. The March 29, 2005 letter reiterated Ms. Hemphill's requests for an accounting of her interest in the Defendant Plans and their predecessors from August 1994 to the date of the letter, copies of the Summary Plan Descriptions, Summaries of Material Modifications, Summary Annual Reports, Forms 5500, and account benefit statements for Ms. Hemphill's interests in the Defendant Plans and their predecessors from 1994 to the date of the letter.

34. On April 29, 2005, Ryskamp, through his attorney, provided a limited set of old documents that were responsive to only a small portion of Ms. Hemphill's March 29, 2005 request. Ryskamp provided no documents for any year later than 1999 for the Defendant Plans or their predecessors, no documents for the Ryskamp MP Plan or the Ryskamp PS Plan in any year, and no accounting. Of the documents provided, there was only one Summary Plan Description for only one of the plans, two Plan Annual Reports for just one year for two plans, Form 5500s for a handful of years for only the Ryskamp-Takayama Plan and one year of the Ryskamp-Pollock Plan, account statements regarding Ms. Hemphill's benefits for the Ryskamp-Takayama Plan for 1994 through 1999. Ms. Hemphill's request for information currently remains unfulfilled.

35. Ms. Hemphill's many inquiries to the fiduciaries of the Defendant Plans and their predecessors regarding her entitlement to benefits and many requests for an accounting and a distribution of her benefits resulted in either no response or only referrals to other individuals or entities who were equally unwilling to respond to Ms. Hemphill. Ms. Hemphill has not received any written denial or approval of her requests for an accounting or distribution of benefits. She also has not received any explanation or clarification of her rights regarding her entitlement to benefits under the Defendant Plans or their predecessors. The Defendants have refused to provide, and have never provided, Ms. Hemphill with complete documentation regarding her benefits and have refused to distribute, and have never distributed, the benefits to which she is entitled. The Defendants have never provided Ms. Hemphill with an adequate accounting of her benefits. In light of the repeated failure of the Defendants to provide any meaningful response to Ms. Hemphill's many inquiries, Ms. Hemphill has exhausted her administrative remedies under the

Defendant Plans and their predecessors, or is otherwise excused from doing so because such remedies would be futile.

36. Plaintiff alleges, upon information and belief based on documents recently obtained from Defendant Plans' former TPA, that before and following Ryskamp's death in September 2005, assets of the Defendant Plans, including benefits to which Ms. Hemphill was entitled, were distributed to Mrs. Ryskamp, the Ryskamp Estate, and/or the Ryskamp Trust, as Ryskamp's beneficiary or beneficiaries under the Defendant Plans.

37. Upon information and belief based on documents recently obtained from Defendant Plans' former TPA, Ryskamp and/or Ryskamp Inc. diverted assets of the Defendant Plans, some of which rightfully belonged to Ms. Hemphill, to Ryskamp, Inc. for business purposes and/or to Ryskamp as an individual.

38. Upon information and belief based on documents recently obtained from Defendant Plans' former TPA, Plaintiff alleges that, while Ryskamp and/or Ryskamp Inc. were serving as fiduciaries to the Defendant Plans and their predecessors, Ryskamp and/or Ryskamp Inc. invested assets of those plans in risky, speculative investments that are not permitted under federal securities laws for plans of their kind and size. As a result of these speculative investments, Ryskamp and/or Ryskamp Inc. exposed the plans to excessive risk, and these speculative investments resulted in large losses to the plans.

39. Upon information and belief based on documents recently obtained from Defendant Plans' former TPA, Ryskamp and Ryskamp Inc. failed to properly manage and account for the assets of the Defendant Plans, and their failures resulted in the current situation, where hundreds of thousands of dollars of plan assets may no longer be accounted for.

### FIRST CLAIM

(Claim for Declaratory Relief Pursuant to 28 U.S.C. § 2201 and ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) Against All Defendants)

40. Plaintiff realleges, as though set forth fully herein, each and every allegation contained in the foregoing paragraphs.

41. Plaintiff brings this first claim for relief against all defendants.

42. An actual controversy exists between the parties including, but not limited to, Ms. Hemphill's rights under the Defendant Plans and their predecessors, including the right to a distribution of benefits from the Defendant Plans and their predecessors, including all interest and earnings that accrued or should have accrued, the right to self-direct the investment of her plan account, and the right to request and receive plan documents and including the right to benefits that were distributed wrongfully to Mrs. Ryskamp, the Ryskamp Estate, and/or the Ryskamp Trust after Ryksamp's death.

43. As a result of this actual controversy, Ms. Hemphill is entitled to the declaratory relief requested below.

## SECOND CLAIM

(Claim for Benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) against the Ryskamp Plan and the Ryskamp-Takayama Plan)

44. Plaintiff realleges, as though set forth fully herein, each and every allegation contained in the foregoing paragraphs.

45. Plaintiff brings this second claim for relief against the Defendant Plans.

46. ERISA § 502(a)(1)(B) provides that a participant or beneficiary of an employee benefit plan may bring an action to recover benefits due under the plan, to enforce her rights under the plan, or clarify her rights to future benefits under the plan.

47. Ms. Hemphill has been and is entitled to receive not only documentation regarding her benefits under the Defendant Plans and their predecessors, but also an accounting of and a distribution of her benefits from the Defendant Plans and their predecessors.

48. The Defendant Plans have failed and refused to provide complete documentation regarding Ms. Hemphill's benefits, an accounting of benefits, and a distribution to Ms. Hemphill of the full amount of her benefits, including interest and earnings accrued on principal contributions.

49. Pursuant to ERISA § 502(a)(1)(B), Ms. Hemphill seeks in this action (a) recovery of the benefits due to her under the Defendant Plans and their predecessors; (b) enforcement of her rights (including, but not limited to, the rights to self-direct the investment of her plan account, to request and receive plan documents, and to receive a distribution of benefits, including interest and

earnings) under the terms of the Defendant Plans and their predecessors; and (c) clarification of her rights (including, but not limited to, the rights to self-direct the investment of her plan account, to request and receive plan documents, and to receive a distribution of benefits, including interest and earnings) under the terms of the Defendant Plans and their predecessors.

## THIRD CLAIM

(Breach of Fiduciary Duty Against the Ryskamp Estate, Ryskamp Trust, Ryskamp Inc., pursuant to ERISA §§ 502(a)(2) and 502 (a)(3), 29 U.S.C. §§ 1132(a)(2) and 1132 (a)(3))

50.  Plaintiff realleges, as though set forth fully herein, each and every allegation contained in the foregoing paragraphs.

51.  Plaintiff brings this third claim for relief for breach of fiduciary duty against Defendants Ryskamp Estate, Ryskamp Trust, and Ryskamp Inc.

52.  ERISA § 406(a), 29 U.S.C. § 1106(a), requires that a plan fiduciary "shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan."

53.  ERISA § 406(b), 29 U.S.C. § 1106(b), mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "deal with the assets of the plan in his own interest or for his own account," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

54.  Ryskamp and Ryskamp Inc. engaged in a prohibited transaction in violation of ERISA § 406(a)-(b), 29 U.S.C. § 1106(a)-(b), by diverting assets of the Defendant Plans and their predecessors to Ryskamp Inc. for business purposes and/or to Ryskamp as an individual.

55.  ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any

losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

56. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for relief under ERISA § 409.

57. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, inter alia, that a plan fiduciary discharge his or its duties with respect to a plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and by diversifying plan investments so as to minimize the risk of large losses.

58. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant or beneficiary to bring a suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

59. Ryskamp and Ryskamp Inc. were fiduciaries and "parties in interest," within the meaning of ERISA § 3(14), 29 U.S.C. § 1102(14) to the Defendant Plans and their predecessors as alleged above.

60. Ryskamp and Ryskamp Inc. wrongfully profited from the prohibited transaction by using plan assets for their own benefit, rather than for the benefit of the Defendant Plans and their predecessors.

61. Ryskamp and Ryskamp Inc. caused losses to the Defendant Plans and their predecessors by the prohibited transaction in an amount to be proven at trial.

62. Ryskamp and Ryskamp Inc. breached their fiduciary duties of loyalty and prudence under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). These breaches include but are not limited to:

    a. Engaging in the prohibited transaction in which they transferred plan assets to Ryskamp Inc. and/or Ryskamp;

    b. Failing and refusing to provide plan information and documents to Ms. Hemphill and withholding from Ms. Hemphill information and documents concerning her rights and benefits under the Defendant Plans and their predecessors, despite her

participant and alternate payee status and despite her many requests to them for such information and documents;

c. Failing and refusing to provide Ms. Hemphill with an accounting of her benefits under the Defendant Plans and their predecessors, despite her participant and alternate payee status and despite her many requests for her benefit account information; and

d. Failing to provide Ms. Hemphill with all of the rights and privileges afforded to participants and beneficiaries under the Defendant Plans and their predecessors, including but not limited to the right to self-direct plan account investments when that right was afforded to other participants in the Defendant Plans and/or their predecessors.

e. Engaging in speculative, risky investments of plan assets, thereby causing excessive risk and/or large losses to the Defendant Plans and their predecessors.

63. As a direct result of the breaches of fiduciary duty by Ryskamp and Ryskamp Inc., Ms. Hemphill, among other things, has been deprived of knowledge regarding the amount, type, and location of her benefits, rights, and entitlements under the Defendant Plans and their predecessors, has been deprived of the opportunity to self-invest and grow her benefits in the plans, has been unable to effectuate a distribution of her benefits from the plans, and has been deprived of the benefits to which she is entitled.

64. As a direct result of the breaches of fiduciary duty by Ryskamp and Ryskamp Inc., the Defendant Plans and their predecessors have been exposed to excessive risk and/or have sustained large losses.

65. Ryskamp and Ryskamp Inc. are each also liable as a co-fiduciary with respect to each fiduciary violation by each other fiduciary of the Defendant Plans and their predecessors under ERISA § 405, 29 U.S.C. § 1105.

66. As a result of the actions and/or failures to act of Ryskamp and Ryskamp Inc., Ms. Hemphill is entitled to the relief requested below.

SECOND AMENDED COMPLAINT
Case No. 1:05-CV-01319-REC-SMS
#759431

13

## FOURTH CLAIM

(Injunctive Relief and Nondisclosure Penalties Pursuant to ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1) against Ryskamp, Inc.)

67. Plaintiff realleges, as though set forth fully herein, each and every allegation contained in the foregoing paragraphs.

68. Plaintiff brings this fourth claim for relief against Ryskamp, Inc.

69. ERISA § 104(b), 29 U.S.C. § 1024(b), requires that a plan administrator provide certain documents relating to the employee benefit plan, including, but not limited to summary plan descriptions, annual reports, trust agreements, or "other instrument[s] under which the plan is established or operated."

70. ERISA § 105(a), 29 U.S.C. § 1025(a), requires that a plan administrator provide a participant with "a statement indicating, on the basis of the latest available information – (1) the total benefits accrued, and (2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest dates on which benefits will become nonforfeitable."

71. ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), permits a plan participant to bring a civil action for penalties of $100 per day, increased to $110 per day by 29 C.F.R. § 2570.502c-1, against a plan administrator who fails to comply within 30 days of a participant's request for information required to be provided under ERISA.

72. Ryskamp Inc., plan administrator for the Defendant Plans, has failed to provide Ms. Hemphill with documents at her request as required by ERISA § 104(b) and 105(a), 29 U.S.C. § 1024(b) and 1025(a). As a result of this failure, Ms. Hemphill is entitled to recover statutory penalties pursuant to ERISA § 502(c)(1).

## FIFTH CLAIM

(Equitable and Injunctive Relief Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) against Ryskamp Inc., Ryskamp Estate, Ryskamp Trust, and Mrs. Ryskamp)

73. Plaintiff realleges, as though set forth fully herein, each and every allegation contained in the foregoing paragraphs.

74. Upon information and belief, Plaintiff alleges that Ryskamp Inc., Ryskamp, and Mrs. Ryskamp, while Ryskamp was trustee of the Defendant Plans and their successors, improperly diverted and/or received assets of the Defendant Plans and their successors which included the benefits to which Ms. Hemphill was entitled.

75. Upon information and belief, Plaintiff alleges that Mrs. Ryskamp, the Ryskamp Estate, and/or the Ryskamp Trust received, before and/or after the death of Ryskamp, benefits arising from Ryskamp's participation in the Defendant Plans, including those benefits representing Ms. Hemphill's alternate payee interest in the Defendant Plans, and assets of the Defendant Plans to which Ms. Hemphill was entitled.

76. Ryskamp Inc., Mrs. Ryskamp, the Ryskamp Estate, and/or the Ryskamp Trust are wrongfully holding benefits to which Ms. Hemphill is entitled and of which Ms. Hemphill was wrongly deprived.

77. As the result of the wrongful possession by Ryskamp Inc., Mrs. Ryskamp, the Ryskamp Estate, and/or the Ryskamp Trust of benefits that rightfully belong to Ms. Hemphill, Ms. Hemphill is entitled to the equitable and injunctive relief requested below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

**As to the First Claim for Relief:**

A. Declare that Ms. Hemphill is entitled to accrued vested benefits under the Defendant Plans, including all interest and earnings that accrued or should have accrued on the principal amounts, that Ms. Hemphill is entitled to self-direct the investment of her plan account under the Defendant Plans and should have been entitled to do so when other participants were afforded that opportunity, and that Ms. Hemphill is entitled to request and receive documents as provided under ERISA §§ 104(b) and 105(a);

B. Declare that any benefits arising from Ryskamp's participation in the Defendant Plans that were received by the Ryskamp Estate, Ryskamp Trust, and/or Mrs. Ryskamp include those benefits to which Ms. Hemphill was entitled under the Defendant Plans and are held in

1   constructive trust for her, and that Ms. Hemphill is therefore entitled to such benefits that were so
2   distributed;
3       C.   Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant
4   to ERISA § 502(g), 29 U.S.C. § 1132(g); and
5       D.   Award such other and further relief as the Court deems equitable and just.

**As to the Second Claim for Relief:**

7       A.   Order an accounting of Ms. Hemphill's benefits under the Defendant Plans;
8       B.   Clarify Ms. Hemphill's rights under the Defendant Plans, including but not limited
9   to, the right to self-direct the investment of her plan account, to request and receive plan
10  documents, and to receive a distribution of benefits, including interest and earnings;
11      C.   Order distribution, to Ms. Hemphill, of her benefits, including all interest and
12  earnings that accrued or should have accrued on the principal amounts, under the Defendant Plans;
13      D.   Award Plaintiff pre-judgment and post-judgment interest to the maximum extent
14  permissible under law;
15      E.   Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant
16  to ERISA § 502(g), 29 U.S.C. § 1132(g); and
17      F.   Award such other and further relief as the Court deems equitable and just.

**As to the Third Claim for Relief:**

19      A.   Declare that Ryskamp and Ryskamp Inc. breached their fiduciary duties to Ms.
20  Hemphill;
21      B.   Preliminarily and permanently enjoin Ryskamp Inc. from further violations of its
22  fiduciary duties;
23      C.   Impose a constructive trust on any ill-gotten profits resulting from the breaches of
24  fiduciary duty committed by Ryskamp and Ryskamp Inc., and held by any of the Defendants;
25      D.   Order disgorgement from the Ryskamp Estate, Ryskamp Trust, and Ryskamp Inc. of
26  any ill-gotten profits resulting from their breaches of fiduciary duty;
27      E.   Order restoration from the Ryskamp Estate, Ryskamp Trust, and Ryskamp Inc. any
28  losses from the Defendant Plans resulting from their breaches of fiduciary duty;

1  F.  Order allocation of restored losses and profits to the individual accounts of
2 participants under the Defendant Plans;

3  G.  Preliminarily and permanently enjoin the Ryskamp Estate, Ryskamp Trust, and
4 Ryskamp Inc. and any other successor fiduciaries from refusing to extend to Ms. Hemphill the
5 same rights and privileges of other participants and beneficiaries under the Defendant Plans;

6  H.  Preliminarily and permanently enjoin Ryskamp Inc. and any other successor plan
7 administrators for the Defendant Plans from denying requests for documents under ERISA §
8 104(b) and 105(a), 29 U.S.C. §§ 1024(b) and 1025(a), by participants in the Defendant Plans;

9  I.  Order removal of Ryskamp and/or the Ryskamp Estate, Ryskamp Trust, and
10 Ryskamp Inc. as fiduciaries to the Defendant Plans and bar them from ever serving as fiduciaries to
11 the Defendant Plans in the future;

12  J.  Order appointment of an independent fiduciary for both of the Defendant Plans;

13  K.  Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant
14 to ERISA § 502(g), 29 U.S.C. § 1132(g); and

15  L.  Award such other and further appropriate equitable relief as the Court deems
16 equitable and just.

17 **As to the Fourth Claim for Relief:**

18  A.  Order production of the following: (1) governing plan instruments, including the
19 plan document and the trust agreement, of the Defendant Plans and their predecessors in effect at
20 any time from September 18, 1981 to present, and all amendments thereto; (2) Summary Plan
21 Descriptions of the Defendant Plans and their predecessors issued at any time from September 18,
22 1981 to present, and all Summaries of Material Modifications thereto; (3) all notices pursuant to
23 ERISA § 204(h), 29 U.S.C. § 1054(h), with regard to any of the Defendant Plans and their
24 predecessors from September 18, 1981 to present; (4) all notices of termination of any of the
25 Defendant Plans or their predecessors from September 18, 1981 to present; (5) the most recent
26 Forms 5500 for both of the Defendant Plans and each of their predecessors, with all schedules and
27 attachments thereto; (6) the most recent Summary Annual Reports for each of the Defendant Plans

1  and their predecessors; and (7) annual account benefit statements for Ms. Hemphill's interests in
2  the Defendant Plans and/or its predecessors from 1994 to present;

3      B.    Award Plaintiff penalties of $110 per day, per document, pursuant to ERISA §
4  502(c), 29 U.S.C. § 1132(c), and 29 C.F.R. § 2570.502(e)-1, from the date the Court determines
5  that Ms. Hemphill first made a request for the document to the date that the plan administrator for
6  the Defendant Plans provides Ms. Hemphill with all documents required by ERISA § 104(b)(4)
7  and 105(a), 29 U.S.C. § 1024(b)(4) and 1025(a);

8      C.    Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant
9  to ERISA § 502(g), 29 U.S.C. § 1132(g); and

10      D.    Award such other relief as the Court deems equitable and just.

11  **As to the Fifth Claim for Relief:**

12      A.    Declare that Ryskamp Inc., Mrs. Ryskamp, the Ryskamp Estate, and/or the
13  Ryskamp Trust are wrongfully holding benefits to which Ms. Hemphill is entitled and of which
14  Ms. Hemphill was wrongly deprived;

15      B.    Preliminarily and permanently enjoin Ryskamp Inc., Mrs. Ryskamp, the Ryskamp
16  Estate, and/or the Ryskamp Trust from dissipating the benefits to which Ms. Hemphill is entitled
17  and of which Ms. Hemphill was wrongfully deprived;

18      C.    Impose a constructive trust on the benefits to which Ms. Hemphill is entitled, of
19  which Ms. Hemphill was wrongfully deprived, and which are being held by Ryskamp Inc., Mrs.
20  Ryskamp, the Ryskamp Estate, and/or the Ryskamp Trust, and any ill-gotten profits on those
21  benefits;

22      D.    Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant
23  to ERISA § 502(g), 29 U.S.C. § 1132(g); and

24  ///
25  ///
26  ///
27  ///
28  ///

SECOND AMENDED COMPLAINT
Case No. 1:05-CV-01319-REC-SMS

18

E. Award such other and further appropriate equitable relief as the Court deems equitable and just.

DATED: March 15, 2006

TRUCKER ✦ HUSS

By: _____
Robert F. Schwartz
Attorneys for Plaintiff
Trudy G. Hemphill

Trucker ✦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

SECOND AMENDED COMPLAINT
Case No. 1:05-CV-01319-REC-SMS
#759421

19