1  R. Bradford Huss, SBN 71303
   Robert F. Schwartz, SBN 227327
2  Clarissa A. Kang, SBN 210660
   TRUCKER ✦ HUSS
3  A Professional Corporation
   120 Montgomery Street, 23rd Floor
4  San Francisco, California 94104
   Telephone:     (415) 788-3111
5  Facsimile:     (415) 421-2017
   E-mail:         ckang@truckerhuss.com
6
   Attorneys for Plaintiff, Trudy G. Hemphill
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  TRUDY G. HEMPHILL,                          Case No. 1:05-CV-01319-OWW-SMS

12              Plaintiff,
                                                **PLAINTIFF'S MEMORANDUM OF**
13      vs.                                     **POINTS & AUTHORITIES IN SUPPORT**
                                                **OF PLAINTIFF'S MOTION FOR**
14  PERSONAL REPRESENTATIVE OF THE              **SUMMARY ADJUDICATION**
    ESTATE OF JAMES J. RYSKAMP, JR.;
15  JAMES J. RYSKAMP, JR., M.D., INC.;          **Date:**
    JAMES J. RYSKAMP, JR., M.D., INC.           **Time:**
16  401(k) PROFIT SHARING PLAN;                 **Judge:    Honorable Oliver W. Wanger**
    RYSKAMP-TAKAYAMA 401(k) PROFIT
17  SHARING PLAN; JUDITH DICKISON
    RYSKAMP, as an individual and as
18  TRUSTEE OF THE JAMES J. RYSKAMP,
    JR. AND JUDITH DICKISON RYSKAMP
19  LIVING TRUST,

20              Defendants.

21

22

23

24

25

26

27

28

_Trucker ✦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104_

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................... 1

II.  FACTUAL BACKGROUND ................................................................... 2

III. SUMMARY ADJUDICATION STANDARD ......................................... 6

IV.  ARGUMENT .......................................................................................... 6

    A.   Ryskamp Inc. Violated Its Obligations Under Erisa To Provide Plan Documents And Information. ........................................................ 7

        1.   Ryskamp Inc. Has a Duty to Provide Documents and Information to Ms. Hemphill. ............................................. 8

        2.   Ms. Hemphill Is a Participant and Beneficiary Entitled to Documents Regarding Her Benefits and the Plans. .................... 11

        3.   Ryskamp Inc. Failed to Provide Documents and Information to Ms. Hemphill. ........................................................ 12

            a.   Accounting of Benefits and Account Benefit Statements ............................ 13

            b.   Summary Annual Report ........................................... 13, 14

            c.   Annual Report and Any Terminal Report (Form 5500s) ............ 14

            d.   Summary Plan Descriptions and Summary of Material Modifications ................................................... 14, 15

    B.   Ryskamp Inc. Is Liable to Ms. Hemphill for Penalties due to Its Failure to Disclose Documents Requested by Ms. Hemphill. ............ 15

V.   CONCLUSION: AS TO ALL DEFENDANTS MS. HEMPHILL IS ENTITLED TO SUMMARY ADJUDICATION REGARDING HER RIGHTS TO RECEIVE AND REQUEST PLAN DOCUMENTS AND INFORMATION. ........................................ 16

Trucker ✦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION; Case No. 1:05-CV-01319-OWW-SMS

#808572

i

## Cases

*Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1996) ................................................................ 6

*Barrowclough v. Kidder, Peabody & Co., Inc.*, 752 F.2d 923, 933 (3d Cir. 1985) .............. 8, 10, 11

*Boone v. Leavenworth Anesthesia, Inc.*, 20 F.3d 1108, 1110 (10th Cir. 1994) ................................. 12

*Brown v. Aventis Pharm., Inc.*, 341 F.3d 822 (8th Cir. 2003) ...................................................... 15, 16

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ......................................................................... 6

*Crotty v. Cook*, 121 F.3d 541, 547-48 (9th Cir. 1997) .......................................................... 8, 9, 14

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115-16 (1989) ................................... 8, 10, 11

*Hughes Salaried Retirees Action Comm. v. Administrator of the Hughes Non-Bargaining Retirement Plan*, 72 F.3d 686, 690 (9th Cir. 1995) ................................................................. 10, 16

*Kuntz v. Reese*, 785 F.2d 1410 (9th Cir. 1986) .............................................................................. 12

*Matsushita Electrical Indus. Co. v. Zenith Radio Corp.* ................................................................ 6

*Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110 (3d Cir. 1993) ..................... 8

*Romero v. Smithkline Beecham*, 309 F.3d 113, 119-20 (3d Cir. 2002) ................................... 12, 15

## Statutes

29 C.F.R. § 2570.502c-1 .............................................................................................. 7, 9, 15

29 U.S.C. § 1002(7) ................................................................................................................. 11

29 U.S.C. § 1024(b)(3) ........................................................................................................ 9, 13

29 U.S.C. § 1024(b)(4) ........................................................................................................ 8, 14

29 U.S.C. § 1025(a) ............................................................................................................. 7, 13

29 U.S.C. § 1132(c)(1) ........................................................................................................ 7, 9, 15

29 U.S.C. §§ 1024 & 1025 ........................................................................................................ 11

29 U.S.C. 1056(d)(3)(J) & (K) ................................................................................................. 11

Employee Retirement Income Security Act of 1974 ................................................................... 1

ERISA § 104(b) and 105(a) ........................................................................................................ 6

ERISA § 104(b)(1) ............................................................................................................... 8, 14

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY ADJUDICATION; Case No. 1:05-CV-01319-OWW-SMS

ii

#808572

ERISA § 104(b)(1) and (b)(3) ................................................................... 8

ERISA § 104(b)(3) .............................................................................. 8, 13

ERISA § 104(b)(4) .............................................................................. 8, 14

ERISA § 105(a) ................................................................................ 7, 8, 13

ERISA § 206(d)(3)(J) & (K) ..................................................................... 11

ERISA § 209 ...................................................................................... 8, 13

ERISA § 3(7) ........................................................................................... 11

ERISA § 502(c) .............................................................................. 9, 14, 15

ERISA § 502(c)(1) ......................................................................... 7, 9, 15

ERISA §§  104(b) and 105(a) ..................................................................... 7

ERISA §§ 104 and 105 ................................................................. 9, 11, 12

ERISA §§ 104(b) and 105(a) ....................................................................... 8

ERISA §§ 104(b)(1) and (b)(3) ................................................................. 14

ERISA §§ 105(a) and § 209 ...................................................................... 13

Fed. R. Civ. Proc. 56(d) .............................................................................. 6

Fed. R. Civ. Proc. 56(e) .............................................................................. 6

**Other Authorities**

H.R. Rep. No. 93-533, p.11 (1973) ........................................................... 10

S. Rep. No. 127, 93d Cong., 2d Sess. (1974), *reprinted in*  1974 U.S.C.C.A.N. 4838, 4863 .......... 10

**Rules**

Fed. R. Civ. Proc. 1 .................................................................................... 6

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California  94104

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY ADJUDICATION; Case No. 1:05-CV-01319-OWW-SMS

#808572

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

In this action, Plaintiff Trudy G. Hemphill ("Ms. Hemphill") seeks to recover her retirement benefits and to vindicate her rights as a participant and a beneficiary of retirement plans governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Defendants – which include two ERISA retirement plans, the administrator of those plans, and the personal representative of the estate of a fiduciary of those plans – have acknowledged Ms. Hemphill's rights to those benefits, but for years have illegally stymied Ms. Hemphill's efforts to obtain information about her benefits and to commence the procedures necessary to obtain a distribution of her benefits.  Ms. Hemphill, a participant and beneficiary of the James J. Ryskamp Jr., M.D., Inc. 401(k) Profit Sharing Plan ("Ryskamp Plan"), has made repeated requests over a span of a decade for information and documents about the Ryskamp Plan and its predecessors[1] so that she may become aware of the amount of her benefits and the administration of the Ryskamp Plan. Despite Ms. Hemphill's repeated requests, Defendants have failed to provide Ms. Hemphill with the statutorily mandated information she is entitled to, and which she needs to request a distribution of all of her benefits from the Ryskamp Plan or, before the Ryskamp Plan existed, the Ryskamp-Takayama 401(k) Profit Sharing Plan ("RT Plan").

Whether through negligence, duplicity, spite, or otherwise, the fiduciaries of the Ryskamp Plan and the RT Plan have not provided to Ms. Hemphill documents required under ERISA.  Thus, the Court should grant this Motion and 1) compel the Ryskamp Plan to provide an accounting of Ms. Hemphill's benefits under the plans; (2) order James J. Ryskamp, Jr., M.D., Inc. ("Ryskamp, Inc."), the administrator of the Ryskamp Plan and its predecessor plans, to pay statutory penalties

//

//

//

---

[1] The Ryskamp Plan is the employee benefit plan sponsored by Ryskamp, Inc. that exists today.  Its predecessors include: the Ryskamp-Takayama 401(k) Profit Sharing Plan, James J. Ryskamp, M.D., Inc. Money Purchase Pension Plan, the James J. Ryskamp Jr., M.D., Inc. Profit Sharing Plan, and the Ryskamp-Pollock Pension and Profit Sharing Plan.  *See* SUF at 2, 4-6.

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

of $110 per day as of September 3, 2003,[2] and continuing to the time when the Court grants this Motion; and (3) declare as to all Defendants that Ms. Hemphill has the right to request and receive certain plan documents and an accounting of her benefits.

## II.   FACTUAL BACKGROUND

Ms. Hemphill is a former spouse of James J. Ryskamp  Jr. ("Ryskamp") and a former employee of Ryskamp's professional corporation, Ryskamp Inc., which was the plan sponsor and plan administrator for the Ryskamp Plan and its predecessors. *See* SUF at 3, 13.  Ryskamp was the principal of Ryskamp Inc. *See* SUF at 15.

As an employee of Ryskamp Inc. in the 1980s and early 1990s, Ms. Hemphill became a vested participant in several of the predecessor plans of the Ryskamp Plan: the James J. Ryskamp, M.D., Inc. Money Purchase Pension Plan ("Ryskamp MP Plan"), the James J. Ryskamp Jr., M.D., Inc. Profit Sharing Plan ("Ryskamp PS Plan"), and the Ryskamp-Pollock Pension and Profit Sharing Plan ("Ryskamp-Pollock Plan"). *See* SUF at 3.  Ms. Hemphill subsequently ended her employment with Ryskamp Inc. and her marriage with Ryskamp.  Ms. Hemphill obtained a domestic relations order in connection with her marital dissolution proceeding on August 11, 1994 (the "Proposed QDRO"). *See* SUF at 7.  The Proposed QDRO created and assigned to Ms. Hemphill, as an alternate payee, the right to $50,000.00 of Ryskamp's interest in the RT Plan. *See* SUF at 8.  It granted Ms. Hemphill all of the rights and election privileges afforded to active participants in the RT Plan. *See* SUF at 9.  The Proposed QDRO also specified that the RT Plan was obligated to provide Ms. Hemphill with "all notices and information with respect to the retirement benefits as herein divided, including, for example, annual reports, annual accounts, any new or revised retirement booklets or bulletins." *See* SUF at 10.  On September 8, 1994, Ryskamp, as plan administrator and trustee of the RT Plan, certified the Proposed QDRO as a qualified domestic relations order and approved the distribution of benefits to Ms. Hemphill in accordance with the Proposed QDRO. *See* SUF at 14.

---

[2] This date is the 31st day after Ms. Hemphill's August 4, 2003 request for plan documents and information about her benefits. While Ms. Hemphill requested information about her benefits going back to 1996, Ms. Hemphill recognizes that the relevant statute of limitation for a nondisclosure of documents claim is three years, *see Stone v. Travelers Corp.*, 58 F.3d 434, 438 (9th Cir. 1995), and that for the purposes of moving for adjudication as a matter of law, the September 3, 2003 date provides an undisputed factual basis for granting Ms. Hemphill's Motion.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION; Case No. 1:05-CV-01319-OWW-SMS
#808572

2

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

1   The state court in the marital dissolution proceeding entered other orders on August 11,

2   1994 (the "Dissolution Orders") that confirmed not only Ms. Hemphill's alternate payee interest in

3   Ryskamp's benefits under the RT Plan as created by the Proposed QDRO but also Ms. Hemphill's

4   individual vested interests in other Ryskamp Inc. pension plans or their successors, which then

5   amounted to $5,668.00 in the Ryskamp MP Plan, $2,661.00 in the Ryskamp PS Plan, and

6   $4,600.00 in the Ryskamp-Pollock Plan. *See* SUF at 11.   Thus, as of August 11, 1994, Ms.

7   Hemphill was entitled to benefits in the plans totaling $62,929.00.   In the course of this action,

8   Defendants have admitted that Ms. Hemphill was entitled to the benefits described in the Proposed

9   QDRO and the Dissolution Order. *See* SUF at 12.

10   Ms. Hemphill did not immediately take a distribution of her benefits from the various plans.

11   On May 6, 1996 – two years after the Proposed QDRO had been approved by Ryskamp –

12   Ms. Hemphill's accountant requested information about the location of and amount of

13   Ms. Hemphill's benefits from Ryskamp and David N. Price, whose firm was the third party

14   administrator for Ryskamp's benefit plans (the "Price firm"). *See* SUF at 16.   Ms. Hemphill and

15   her accountant never received the information and documents Ms. Hemphill needed in order to

16   take a distribution of her benefits. *See* SUF at 17.   Accordingly, Ms. Hemphill's benefits continued

17   to remain invested in the plans.

18   In June 2002, Ms. Hemphill contacted Philip Price of the Price firm for an accounting of

19   her benefits in the Ryskamp Plan so that she could take a distribution of her benefits. *See* SUF at

20   18.   Price failed to provide Ms. Hemphill with a current accounting of her benefits. *See* SUF at 19.

21   Price informed Ryskamp and Ryskamp Inc. of Ms. Hemphill's requests for information and

22   documents. *See* SUF at 20.   Neither Ryskamp nor Ryskamp Inc. contacted Ms. Hemphill, and her

23   request for a current accounting of her benefits remained outstanding. *See id.*

24   On August 4, 2003, Ms. Hemphill submitted a written request to Ryskamp for all

25   information and paperwork she needed to obtain a distribution of benefits from the Ryskamp Plan,

26   including the current value of her benefits and copies of annual statements of her benefits. *See*

27   SUF at 21.   Ryskamp ignored Ms. Hemphill's request. *See* SUF at 22.   Thus, Ms. Hemphill was

28   unable to obtain the distribution of her benefits that she had requested from Ryskamp.

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR   3
SUMMARY ADJUDICATION; Case No. 1:05-CV-01319-OWW-SMS
#808572

A year later, on November 24, 2004, Philip Price, on behalf of the Ryskamp Plan, acknowledged Ms. Hemphill's entitlement to vested benefits in the Ryskamp Plan. *See* SUF at 23. However, Price only provided Ms. Hemphill with distribution election forms for $50,000 – the principal amount of the largest of the four benefits mentioned in the Dissolution Order *as of 1994*. *See id.* Price provided no accounting of the total amount of Ms. Hemphill's vested benefits and no explanation of the $50,000 listed on the distribution election paperwork as Ms. Hemphill's vested account balance. *See id.*

On December 3, 2004, concerned that she was not receiving accurate information regarding her benefits, Ms. Hemphill phoned and wrote to Philip Price to reiterate her requests for information and documents. *See* SUF at 24. She requested copies of account statements of her benefits, a summary annual report, a summary plan description, and the Form 5500 Annual Return/Report for the Ryskamp Plan and its predecessors. *See id.* Mr. Price informed Ryskamp Inc. and Ryskamp of Ms. Hemphill's December 3, 2004 letter and inquiries and provided them with a copy of Ms. Hemphill's letter. *See* SUF at 25. Neither Ryskamp Inc. nor Ryskamp responded to Ms. Hemphill's letter. *See* SUF at 26. Thus, Ms. Hemphill's request for information and documents remained outstanding.

Three months later, by letter dated February 3, 2005 to Ryskamp's attorney, Ms. Hemphill requested from Ryskamp summary plan descriptions, summaries of material modifications, summary annual reports, Form 5500 returns/reports, individual account statements showing her plan benefits, and banking and brokerage statements that would reveal where her benefits had been held and invested from 1990 to the date of her letter. *See* SUF at 27. Ryskamp's attorney, Donald Lescoulie, acknowledged receipt of Ms. Hemphill's letter but provided none of the documents Ms. Hemphill requested. *See* SUF at 28.

On March 29, 2005, when it was apparent that Ryskamp Inc. and Ryskamp were continuing to ignore Ms. Hemphill's requests, Ms. Hemphill's attorneys wrote to Mr. Lescoulie to request copies of summary plan descriptions, summaries of material modifications, summary annual reports, Forms 5500, and account benefits statements reflecting Ms. Hemphill's interests in the Ryskamp Plan and its predecessors since August 1994. *See* SUF at 29. Mr. Lescoulie responded

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

on April 29, 2005, and provided certain historical documents – a small fraction of what Ms. Hemphill had requested and was entitled to – and none of the documents that Mr. Lescoulie provided related to a plan year later than 1999. *See* SUF at 30.

Ms. Hemphill initiated this action on October 18, 2005, while her requests for documents remained outstanding.  In this action, Ms. Hemphill has served discovery requests to Defendants and Defendants have produced certain documents in response to those discovery requests. However, Ms. Hemphill's pre-litigation requests continue to remain unfulfilled, as Ryskamp Inc. has failed to provide a current accounting of Ms. Hemphill's benefits and has failed to produce the following documents which were requested by Ms. Hemphill, in writing, at various times dating back to 1996:

1. Account statements of Ms. Hemphill's benefits from 2000 to present;

2. Summary Annual Reports from 1990 to 1998 and from 2000 to present;

3. Form 5500 Annual Returns from 1990 to 1993, 1995, and from 2000 to present;

4. Summary Plan Descriptions from 1990 to present, except for the Summary Plan Description for the R-T Plan dated July 1993; and

5. Summaries of Material Modification from 1990 to present.

*See* SUF at 31.  Because of the failures of Ryskamp and Ryskamp Inc. to provide the ERISA-required documents and information, Ms. Hemphill was forced to retain legal counsel.  She has already incurred significant attorney's fees in asserting – and now seeking enforcement of – her rights to receive information about her benefits and the plans. *See* SUF at 32.

Ms. Hemphill's Fourth Claim for Relief in her Second Amended Complaint ("SAC") seeks injunctive relief and penalties against Defendant Ryskamp Inc. for its failure to provide documents regarding the Ryskamp Plan and its predecessors and regarding the amount and type of her benefits under those plans. *See* SAC, Docket #32, at ¶¶67-72. Ms. Hemphill's First and Second Claims for Relief (Claim for Declaratory Relief and Claim for Benefits, respectively) seek related relief.  Ms. Hemphill's First Claim seeks a declaration of her entitlement to receive a distribution of accrued vested benefits under the Ryskamp Plan and RT Plan ("Defendant Plans"), to self-direct her investments of her plan accounts, and to request and receive plan documents required under ERISA

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY ADJUDICATION; Case No. 1:05-CV-01319-OWW-SMS
#808572

5

§ 104(b) and 105(a) and a declaration of a constructive trust over benefits to which Ms. Hemphill is entitled but which were received by Ryskamp's estate, testamentary trust, or surviving spouse. Ms. Hemphill's Second Claim for Relief seeks an accounting of Ms. Hemphill's benefits under the Defendant Plans, clarification of Ms. Hemphill's rights under the Defendant Plans (including the right to request and receive plan documents), and distribution to Ms. Hemphill of her benefits.

In this Motion, Ms. Hemphill moves for summary adjudication as a matter of law, and she requests an order 1) compelling Ryskamp Inc. and the Ryskamp Plan to provide an accounting of Ms. Hemphill's benefits under the plans; (2) imposing against Ryskamp Inc. statutory penalties of $110 per day from September 3, 2003 to the date when the Court grants this Motion; and (3) declaring as to all Defendants that Ms. Hemphill has the right to request and receive certain plan documents and an accounting of her benefits. After this Motion is granted and the Defendants provide the requested accounting of benefits, Ms. Hemphill will seek summary adjudication on her remaining claims.

## III.   SUMMARY ADJUDICATION STANDARD

Summary judgment is "an integral part of the federal rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. Proc. 1). Where the moving party demonstrates the absence of genuine issues of material fact, the burden then shifts to the non-moving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electrical Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. Proc. 56(e)). If the non-movant's evidence "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1996). The same standard applies to motions for summary adjudication. *See* Fed. R. Civ. Proc. 56(d).

## IV.   ARGUMENT

For a decade, Ryskamp and Ryskamp Inc. have thwarted Ms. Hemphill's every attempt to obtain information about the Ryskamp Plan and its predecessors and about her benefits, and thereby have wrongfully prevented Ms. Hemphill from obtaining a distribution of her vested

Trucker ◆ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

1  benefits. Summary adjudication in favor of Ms. Hemphill should be granted as to the Fourth Claim

2  for Relief of the SAC and as to the declaration of Ms. Hemphill's rights to obtain plan documents,

3  plan information, and an accounting of her benefits sought in the First and Second Claims for

4  Relief.

5         Ms. Hemphill, as a participant and a beneficiary under the Ryskamp Plan and its

6  predecessors, is entitled to receive and request plan documents and information about her benefits.

7  *See* ERISA § 104(b), 29 U.S.C. § 1024(b); ERISA § 105(a), 29 U.S.C. § 1025(a). Since 1996, Ms.

8  Hemphill has made numerous requests for information about her benefits and for plan documents.

9  Instead of providing Ms. Hemphill with the documents and information that ERISA requires,

10  Ryskamp and Ryskamp Inc. simply ignored Ms. Hemphill's requests, depriving her of her statutory

11  right to know the amount, type, and location of her vested benefits and request a full distribution.

12  Defendants' disregard of their obligations has forced Ms. Hemphill to bring this action, yet Ms.

13  Hemphill's requests for information still remain unfulfilled. Therefore, the Court should grant

14  summary adjudication on Ms. Hemphill's claims for documents and information, impose statutory

15  penalties of $110 per day from September 3, 2003 through the date of the order granting summary

16  adjudication, and order Ryskamp Inc. to provide an accounting of Ms. Hemphill's benefits

17  forthwith. *See* ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), modified by 29 C.F.R. § 2570.502c-1.

18  **A.    Ryskamp Inc. Violated Its Obligations Under ERISA To Provide Plan**

19  **Documents and Information.**

20         Ryskamp Inc. is liable for statutory penalties of $110 per day from September 3, 2003 to

21  the present, for its failure, as the plan administrator of the Ryskamp Plan and the predecessors to

22  that plan, to provide documents it was required to provide to Ms. Hemphill under ERISA §§

23  104(b) and 105(a). *See* ERISA § 104(b), 29 U.S.C. § 1024(b); ERISA § 105(a), 29 U.S.C. §

24  1025(a); ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2570.502c-1. Defendants have

25  admitted that Ryskamp Inc. is the plan administrator of the Ryskamp Plan and its predecessors.

26  *See* SUF at 13. Thus, there is no factual dispute on this issue.

27  //

28  //

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY ADJUDICATION; Case No. 1:05-CV-01319-OWW-SMS
#808572

7

### 1. Ryskamp Inc. Has a Duty to Provide Documents and Information to Ms. Hemphill.

Ryskamp Inc. has violated ERISA §§ 104(b) and 105(a) by failing to provide an adequate response to any of Ms. Hemphill's several requests for an accounting of her benefits, plan documents, and other information about her benefits. ERISA § 104(b) requires Ryskamp Inc., as plan administrator, "upon written request of any participant or beneficiary, [to] furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, . . . or other instruments under which the plan is established or operated." ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4); *see, e.g., Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115-16 (1989). Similarly, under ERISA § 105(a), Ryskamp Inc. must provide "to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information – (1) the total benefits accrued, and (2) the nonforfeitable pension benefits, if any, which have accrued . . ." ERISA § 105(a), 29 U.S.C. § 1025(a); *see, e.g., Barrowclough v. Kidder, Peabody & Co., Inc.*, 752 F.2d 923, 933 (3d Cir. 1985), *overruled on other grounds by Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110 (3d Cir. 1993). ERISA § 209 also reemphasizes the plan administrator's obligation to provide a participant with a report of benefits due to that participant. *See* ERISA § 209, 29 U.S.C. § 1059.

In addition, there are other documents which Ryskamp Inc. must provide to Ms. Hemphill automatically, even without a request. Section 104(b) of ERISA requires Ryskamp Inc., as plan administrator, to provide a summary plan description to participants and beneficiaries within 90 days of becoming a participant or, for a beneficiary, within 90 days of receiving benefits, and to provide an updated summary plan description in every five year period in which amendments to a plan have been made. *See* 29 U.S.C. § 1024(b)(1); *Crotty v. Cook*, 121 F.3d 541, 547-48 (9th Cir. 1997) (explaining that ERISA § 104(b)(1) and (b)(3) required a plan administrator to automatically provide participants with certain information, including summary plan descriptions). Similarly, Ryskamp Inc. must provide a summary of material modifications for every plan year when amendments to a plan have been made. *See* ERISA § 104(b)(1), 29 U.S.C. § 1024(b)(1). ERISA § 104(b)(3) also requires plan administrators to provide summary annual reports to participants and

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

1  beneficiaries automatically within 210 days after the fiscal year of the plan. *See* 29 U.S.C. §

2  1024(b)(3).

3      A plan administrator's failure to provide the documents specified in ERISA §§ 104 and 105

4  gives rise to an actionable claim against the plan administrator for personal liability under ERISA §

5  502(c). *See* ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).   Under ERISA § 502(c)(1):

6      Any administrator . . . who fails or refuses to comply with a request for any
7      information which such administrator is required by this title to furnish to a
       participant or beneficiary (unless such failure or refusal results from matters
8      reasonably beyond the control of the administrator) by mailing the material
       requested to . . . the requesting participant or beneficiary within 30 days after such
9      request may in the court's discretion be personally liable to such participant or
       beneficiary in the amount of up to $100 per day [increased to $110 per day by 29
10     C.F.R. § 2570.502c-1] from the date of such failure or refusal, and the court may in
       its discretion order such other relief as it deems proper.

11  29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2570.502c-1.   Penalties continue to grow while a request for

12  documents made by a participant or beneficiary remains outstanding.   Where a plan administrator

13  is obligated to provide documents to participants automatically (documents such as a summary

14  plan description or summary of material modifications under ERISA § 104(b)(1)), ERISA's civil

15  enforcement penalty under ERISA § 502(c) applies even if the participant makes an oral, as

16  opposed to a written request, for those documents. *See Crotty*,  121 F.3d at 547-48  ("if the

17  participant requests something he was entitled to receive automatically, without any request, then

18  the civil enforcement penalty provision applies without regard to whether the request was in

19  writing.").

20      The civil enforcement penalty and the disclosure provisions of ERISA described above

21  aptly provide Ms. Hemphill with an actionable right as a participant and beneficiary of the

22  Ryskamp Plan (and its predecessors) who was denied current, complete information about her

23  benefits and the various plans despite her repeated requests.   Congress intended ERISA's

24  disclosure provisions to ensure that "the individual participant knows exactly where he stands with

25  respect to the plan – what benefits he may be entitled to, what circumstances may preclude him

26  from obtaining benefits, what procedures he must follow to obtain benefits, and who are the

27  persons to whom the management and investment of his plan funds have been entrusted." *Hughes*

28  *Salaried Retirees Action Comm. v. Administrator of the Hughes Non-Bargaining Retirement Plan*,

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

1   72 F.3d 686, 690 (9th Cir. 1995) (quoting legislative history for ERISA found at S. Rep. No. 127,

2   93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 4838, 4863); *see also Firestone*, 489

3   U.S. at 118 (quoting H.R. Rep. No. 93-533, p.11 (1973)).  Congress was also aware of the need to

4   provide a means to hold plan fiduciaries like Ryskamp and Ryskamp Inc. accountable to

5   participants and beneficiaries of the plan and believed that the disclosure provisions would provide

6   that accountability.  The legislative history of these disclosure provisions further states, "At the

7   same time the safeguarding effect of the fiduciary responsibility section will operate efficiently

8   only if fiduciaries are aware that the details of their dealings will be open to inspection, and that

9   individual participants and beneficiaries will be armed with enough information to enforce their

10  own rights as well as the obligations owed by the fiduciary to the plan in general." *Hughes*, 72

11  F.3d at 690 n.3 (quoting S. Rep. No. 127,  93d Cong., 2d Sess. (1974), *reprinted in* 1974

12  U.S.C.C.A.N. 4838, 4863).

13      ERISA's disclosure provisions, including the requirement that plan administrators like

14  Ryskamp Inc. provide an accounting of benefits to participants like Ms. Hemphill, must be

15  "construed so as to protect the employees' interests." *Barrowclough*, 752 F.2d at 933-34.  In her

16  many requests from 1996 to 2005, Ms. Hemphill informed Ryskamp and Ryskamp Inc. of her need

17  to know the current amount of her benefits in order to obtain a distribution from the Ryskamp Plan.

18  Ryskamp Inc. and Ryskamp have withheld that information from Ms. Hemphill, thereby infringing

19  on her right to receive a distribution of benefits from the plan.  In failing to provide the documents

20  and information they were required to provide to Ms. Hemphill, Ryskamp Inc. and Ryskamp have

21  not only adversely affected Ms. Hemphill's finances but have impeded on Ms. Hemphill's ability

22  to enforce her rights under ERISA. *See id.* ("If a participant or beneficiary who has a pressing need

23  for an accounting at a significant time, such as upon termination of employment, disability, or

24  vesting, is unable to receive it upon a request, his or her financial planning would be impaired and

25  his or her effort to enforce the rights and fiduciary obligations imposed by ERISA would be

26  severely hampered.").

27  //

28  //

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

---

2.   **Ms. Hemphill Is a Participant and Beneficiary Entitled to Documents Regarding Her Benefits and the Plans.**

There is no genuine dispute that Ms. Hemphill is a participant and a beneficiary under the Ryskamp Plan who is entitled to the documents and information required under ERISA §§ 104 and 105.  *See* 29 U.S.C. §§ 1024 & 1025.  ERISA defines "participant" as "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit . . ."  ERISA § 3(7), 29 U.S.C. § 1002(7).  The Supreme Court has interpreted ERISA's definition of "participant" as including "former employees who have a colorable claim to vested benefits."  *Firestone*, 489 U.S. at 118.  In order to be a participant, one not need conclusively establish that one is entitled to benefits, as the definition includes those "who may become eligible" and the Supreme Court has stated that one needs only a "colorable claim."

Ms. Hemphill has far more than a "colorable claim" to benefits.  Defendants have admitted that Ms. Hemphill was a vested participant in several of the Ryskamp plans that eventually merged into the sole existing plan – the Ryskamp Plan – and have admitted that Ms. Hemphill was entitled to the benefits described in the Proposed QDRO and the Dissolution Order.  *See* SUF at 3, 12, 23.  It is also an undisputed fact that Ryskamp certified the Proposed QDRO as a qualified domestic relations order on September 8, 1994.  *See* SUF at 14.  Once the Proposed QDRO was approved, Ms. Hemphill was – and still is – considered a "beneficiary under the plan" for all purposes.  ERISA § 206(d)(3)(J) & (K), 29 U.S.C. 1056(d)(3)(J) & (K).  Even as recently as November 2004, the Ryskamp Plan acknowledged Ms. Hemphill's entitlement to vested benefits.  *See* SUF at 23.

Even if Defendants had not made the above admissions or concessions regarding Ms. Hemphill's entitlement to vested benefits, Ms. Hemphill's entitlement to plan documents and information about her benefits does not depend upon the ultimate success of her claim for benefits.  As one court has recognized, "If the right to an accounting were dependent on the ultimate outcome of any dispute as to payment [of benefits], the statutory provision requiring an accounting would be rendered nugatory."  *Barrowclough*, 752 F.2d at 933 (court held that an individual who had accrued benefits had a right to obtain an accounting and rejected his employer's argument that its claim of set-off against those benefits rendered him a non-participant).  Despite her attempts to

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

obtain the information necessary for a distribution, Ms. Hemphill never received the required information and has been unable to obtain a full distribution of her benefits from the Ryskamp Plan or any of its predecessor plans.  She has never ceased being a participant or beneficiary, because she never obtained her vested benefits from the plans.  *Cf. Kuntz v. Reese*, 785 F.2d 1410 (9th Cir. 1986) (former employees lacked standing as "participants" because they had received all of their benefits).  Because Ms. Hemphill has been deprived of the information and documents that Ryskamp Inc. was obligated to provide to her, she has been unable to verify the amount of her benefits and obtain a distribution of her benefits.  Moreover, her ability to enforce her rights to the benefits has been impaired by Ryskamp Inc.'s failure to disclose statutorily required information.

### 3.    Ryskamp Inc. Failed to Provide Documents and Information to Ms. Hemphill.

Despite the fact that Ms. Hemphill's requests for information about her benefits and about the Ryskamp Plan and its predecessors date back to 1996, *see* SUF at 16, she has *never* been given an accounting or a statement of the current value of her benefits, as of the dates of her many requests.  In the same relevant period (1996 to date), she has never received an up-to-date summary annual report, annual return or report (Form 5500), summary plan description, or summary of material modification for the Ryskamp Plan or any of its predecessors.  *See* SUF at 31.  In failing to provide this required information, Ryskamp Inc. has clearly violated ERISA §§ 104 and 105.  There is no dispute that Ryskamp, as principal of Ryskamp Inc., received each of Ms. Hemphill's requests for information and documents, either directly from Ms. Hemphill or through the plans' third party administrator or his counsel.  *See* SUF at 20, 25, 27, 29; *Romero v. Smithkline Beecham*, 309 F.3d 113, 119-20 (3d Cir. 2002) (plan participant need not address his request for documents to the plan administrator; request may be submitted to someone who will forward it to the plan administrator); *Boone v. Leavenworth Anesthesia, Inc.*, 20 F.3d 1108, 1110 (10th Cir. 1994) (request need not be sent directly to the plan administrator; it may be sent to an attorney for the plan administrator).

//

//

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

### a.   Accounting of Benefits and Account Benefit Statements

Ms. Hemphill has requested an accounting of her benefits in order to obtain a distribution from the RT Plan and the Ryskamp Plan numerous times since 1996. *See* SUF at 16, 18, 21, 24, 27, 29. However, in the decade since her first request, she has only been able to obtain a series of account benefit statements for years 1994 to 1999, which were outdated by three or more years by the time they were provided to her. *See* SUF at 19 (account statements were provided first on June 21, 2002). When Ms. Hemphill's accountant inquired about the benefits in 1996, he was not given any information about their current value. *See* SUF at 16-17. Ms. Hemphill made subsequent written requests for an accounting and statements of her benefits under the Ryskamp Plan and its predecessors on (1) August 4, 2003, to Ryskamp, the principal of Ryskamp Inc.; (2) December 3, 2004, to the third party administrator for the Ryskamp Plan who then informed Ryskamp of Ms. Hemphill's request for information; (3) February 3, 2005, to Ryskamp's attorney; and (4) March 29, 2005, to Ryskamp's attorney. *See* SUF at 21, 24, 27, 29. Ryskamp Inc. failed to provide any current accounting or a current account benefit statement in response to Ms. Hemphill's requests and has violated ERISA §§ 105(a) and § 209. *See* SUF at 22, 26, 28, 30; ERISA § 105(a), 29 U.S.C. § 1025(a) (requiring production of a statement of benefits based on the latest available information); ERISA § 209, 29 U.S.C. § 1059 (requiring an employer to maintain records sufficient to determine the benefits due or which may become due to employees who are plan participants and requiring a plan administrator to provide to a participant a report of benefits upon the participant's request). To this day, Ms. Hemphill's requests for an accounting and statements of her benefits remain unfulfilled.

### b.   Summary Annual Report

In written requests dated December 3, 2004, February 3, 2005, and March 29, 2005, Ms. Hemphill requested summary annual reports from 1990 to the then-current date. *See* SUF at 24, 27, 29. Ryskamp Inc. provided no Summary Annual Report in response to either of these requests. *See* SUF at 26, 28, 30. Ryskamp Inc. violated ERISA § 104(b)(3) by failing to provide to Ms. Hemphill a summary annual report at the end of each plan year automatically, which was required even without her making any request for such documents. *See* 29 U.S.C. § 1024(b)(3). In the

1    course of discovery in this action, Defendants produced *one* Summary Annual Report, which was

2    dated 1999 for the RT Plan and which was at least six years outdated by the time it was produced

3    on July 26, 2006.  *See* SUF at 31.  Ms. Hemphill's December 31, 2004 and March 29, 2005

4    requests are still outstanding; Ryskamp Inc. is personally liable under ERISA § 502(c) for its

5    failure to fulfill them and to give the required documents to Ms. Hemphill each year.  *See Crotty*,

6    121 F.3d at 547-48.

c.    **Annual Report and Any Terminal Report (Form 5500s)**

8        Ms. Hemphill also requested Form 5500 Annual Return/Reports from 1990 to the present

9    date of her December 3, 2004, February 3, 2005, and March 29, 2005 written requests.  *See* SUF at

10   24, 27, 29.  ERISA requires production of the latest annual report and any terminal report.  *See*

11   ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).  Ryskamp Inc. has never provided the latest annual

12   report for the Ryskamp Plan (as of the time of Ms. Hemphill's requests to the present) and the

13   terminal report for the RT Plan, and has therefore violated ERISA § 104.  *See* SUF at 30-31.

d.    **Summary Plan Descriptions and Summary of Material Modifications.**

16       Similarly, Ryskamp Inc. is liable for its failure to provide summary plan descriptions and

17   summaries of material modifications to Ms. Hemphill.  Except for an outdated summary plan

18   description for the RT Plan dated July 1993, which was provided to Ms. Hemphill on April 25,

19   2005, Ms. Hemphill has never received a summary plan description or summary of material

20   modifications from 1990 through the present.  *See* SUF at 31.   At the very least, a plan amendment

21   was made (or should have been made) when the RT Plan became the Ryskamp Plan in 2000.  *See*

22   SUF at 6.   No updated summary plan description or summary of modifications was provided to

23   Ms. Hemphill with regard to the plan amendment.  Ryskamp Inc. violated its obligations under

24   ERISA § 104(b)(1), which requires automatic disclosure of summary plan descriptions and

25   summaries of material modifications at certain periods, independent of a participant's request, and

26   ERISA § 104(b)(4), which requires disclosure upon a participant's request of the latest summary

27   plan description.  *See* ERISA § 104(b), 29 U.S.C. § 1024(b); *Crotty*, 121 F.3d at 547-48

28   (explaining that ERISA §§ 104(b)(1) and (b)(3) requires a plan administrator to automatically

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

1    provide participants with certain information, including summary plan descriptions). Ms.

2    Hemphill's requests remain unfulfilled.

3        **B.**    **Ryskamp Inc. Is Liable to Ms. Hemphill for Penalties due to Its Failure to**

4                 **Disclose Documents Requested by Ms. Hemphill.**

5       Because of its failure to provide the documents ERISA requires it furnish to Ms. Hemphill,

6    Ryskamp Inc. is liable for penalties under ERISA § 502(c). *See* ERISA § 502(c)(1), 29 U.S.C. §

7    1132(c)(1) and 29 C.F.R. 2570.502c-1 (providing for personal liability against a plan administrator

8    up to $110 per day). In granting summary adjudication in favor of Ms. Hemphill on her claims

9    regarding her right to request and receive documents and information, the Court should assess the

10    maximum $110 per day penalty against Ryskamp Inc. from September 3, 2003 (the 31st day after

11    Ms. Hemphill submitted a written request for an accounting and account benefit statements to

12    Ryskamp on August 4, 2003) to the date of the order granting summary adjudication. As of

13    October 16, 2006, this figure is $125,180.00, and it continues to grow because Ryskamp Inc. has

14    not fulfilled Ms. Hemphill's requests for information and documents plan administrators are

15    required to disclose under ERISA.

16       In determining the amount of penalties to impose against plan administrators who violate

17    ERISA's disclosure requirements, courts have considered factors such as bad faith or intentional

18    conduct on the part of the administrator, length of the delay, the number of requests made and

19    documents withheld, and the existence of any prejudice to the participant. *See Romero*, 309 F.3d at

20    120. Prejudice or damages resulting from a plan administrator's failure to disclose are factors in

21    assessing the level of penalties, but their absence does not foreclose the imposition of penalties

22    under ERISA § 502(c). *See id.*; *Brown v. Aventis Pharm., Inc.*, 341 F.3d 822 (8th Cir. 2003)

23    (maximum statutory penalties can be awarded even if there is no demonstrable prejudice suffered

24    by the requesting participant). *Brown* is instructive here. The Eighth Circuit in *Brown* held that a

25    plan administrator's failure to act upon a participant's request for plan documents despite the

26    participant's repeated phone calls required the participant to spend time, effort, and money

27    (including the hiring of an attorney) to obtain the requested information may be adequate

28    justification for awarding the maximum statutory penalties. *See id.*

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

1    Like the plan administrator in *Brown*, Ryskamp Inc. has given a woefully inadequate

2  response over the years since 1996 to Ms. Hemphill's many oral and written requests for

3  information and documents about her benefits and the Ryskamp plans.  The maximum penalty is

4  appropriate.  Ryskamp Inc.'s failure to provide her with required documents and information

5  forced Ms. Hemphill to (a) make numerous requests over the course of a decade, (b) retain a law

6  firm to help her compel Ryskamp Inc. to provide the required information and documents, and (c)

7  bring this action for enforcement of her ERISA rights.  Ms. Hemphill's document requests remain

8  outstanding today, and she has already incurred significant attorney's fees in attempting to obtain

9  documents and information about her benefits and in bringing this action against Defendants for

10  their failure to provide her with the required information and documents.  Moreover, maximum

11  penalties are owed here because Ms. Hemphill was prejudiced by Ryskamp Inc.'s failure.

12  Ryskamp Inc. deprived her of the information necessary to obtain a distribution of her benefits,

13  which was the stated purpose for each of her requests for information and documents, and deprived

14  her of information that would have potentially revealed the mismanagement of her plan account

15  over the years since the date of her first request.   Unable to obtain a distribution of her benefits

16  because of Ryskamp Inc.'s failure to provide information necessary for such distribution, Ms.

17  Hemphill was left with little choice but to commence this lawsuit to enforce her rights under

18  ERISA.

19  **V.      CONCLUSION: AS TO ALL DEFENDANTS MS. HEMPHILL IS ENTITLED TO
20           SUMMARY ADJUDICATION REGARDING HER RIGHTS TO RECEIVE AND
         REQUEST PLAN DOCUMENTS AND INFORMATION.**

21    For a decade, Ryskamp and Ryskamp Inc. have illegally infringed on Ms. Hemphill's rights

22  to disclosure of information about her benefits and the plans under which her benefits arose.  As a

23  result, even to this day, Ms. Hemphill is unaware of the current value, type, amount, and

24  whereabouts of her vested benefits.  This is the exact situation which Congress sought to avoid in

25  mandating certain disclosures under ERISA.  *See Hughes Salaried Retirees Action Comm.*, 72 F.3d

26  at 690 (Congress intended ERISA's disclosure provisions to ensure that "the individual participant

27  knows exactly where he stands with respect to the plan -- what benefits he may be entitled to, what

28  circumstances may preclude him from obtaining benefits, what procedures he must follow to obtain

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

Trucker ✦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

1  management and investment of his plan funds have been entrusted.").

2       As there is no material factual dispute that Ms. Hemphill was and is a participant and

3  beneficiary under the Ryskamp Plan and its predecessors, that Ryskamp Inc. was the plan

4  administrator, that Ms. Hemphill properly requested but Ryskamp Inc. failed to provide

5  information and documents regarding her benefits and the plans, Ms. Hemphill is entitled to

6  summary adjudication on all of her claims that involve her right to request and receive documents

7  and information regarding her benefits and the Ryskamp Plan and its predecessors.   Ms. Hemphill

8  requests summary adjudication against Defendants on her Fourth Claim for Relief, in its entirety,

9  and on her First and Second Claims for Relief, to the extent those claims seek a declaration,

10  clarification, and enforcement of Ms. Hemphill's rights to obtain information about her benefits

11  (including an accounting) and plan documents.

12       Ms. Hemphill is entitled to relief for Ryskamp Inc.'s illegal withholding of information

13  about her benefits and the Ryskamp Plan and its predecessors.  Ms. Hemphill respectfully requests

14  that the Court grant this Motion and (1) compel the Ryskamp Plan to provide the accounting of Ms.

15  Hemphill's benefits under the plans that she has long requested; (2) order Ryskamp Inc. to pay

16  statutory penalties of $110 day as of September 3, 2003, and continuing to the time when the Court

17  grants this Motion; and (3) declare as to all Defendants that Ms. Hemphill has the right to request

18  and receive certain plan documents and an accounting of her benefits.

19  DATED: October 16, 2006

20                                 TRUCKER ✦ HUSS

21                          By:  /s/Clarissa A. Kang
22                                 Clarissa A. Kang
                                   Attorneys for Plaintiff
23                                 Trudy G. Hemphill

24

25

26

27

28