```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA


TRUDY G. HEMPHILL,               )    1:05-cv-1319 OWW SMS
                                 )
          Plaintiffs,            )    ORDER GRANTING PLAINTIFF'S
                                 )    MOTION FOR SUMMARY
     v.                          )    ADJUDICATION RE FIRST,
                                 )    SECOND, AND FOURTH CLAIMS
PERSONAL REPRESENTATIVE OF THE   )    FOR RELIEF
ESTATE OF JAMES J. RYSKAMP, JR.; )
JAMES J. RYSKAMP, JR., M.D.,     )
INC.; JAMES J. RYSKAMP, JR.,     )
M.D., INC. 401(k) PROFIT SHARING )
PLAN; RYSKAMP-TAKAYAMA 401(k)    )
PROFIT SHARING PLAN; JUDITH      )
DICKISON RYSKAMP, as an          )
individual and as TRUSTEE OF THE )
JAMES J. RYSKAMP, JR. AND JUDITH )
DICKISON RYSKAMP LIVING TRUST,   )
                                 )
          Defendants.            )
                                 )
_____)
                                 )
```

Plaintiff Trudy G. Hemphill ("Ms. Hemphill") filed, on October 16, 2006, a motion for summary adjudication which requested that the Court grant summary adjudication in favor of Plaintiff and against the Defendants on: (1) the Fourth Claim for Relief asserted in the Second Amended Complaint ("SAC") for injunctive relief and penalties against Defendant Ryskamp Inc. for its failure to provide documents regarding the James. J.

1

Ryskamp Jr., M.D., Inc. 401(k) Profit Sharing Plan ("Ryskamp Plan") and its predecessors and regarding the amount and type of her benefits under those plans and (2) the First and Second Claims for Relief asserted in the SAC, to the extent that these latter two claims pray for a declaration, clarification, and enforcement of Ms. Hemphill's right to receive documents under ERISA §§ 104(b) and 105(a), 29 U.S.C. §§ 1024 and 1025, and an accounting of Ms. Hemphill's benefits.  The Motion for Summary Adjudication came on regularly for hearing on November 20, 2006, at 10:00 a.m. before this court.  Clarissa A. Kang of the firm Trucker Huss appeared on behalf of Ms. Hemphill and Donald P. Lescoulie appeared on behalf of the Defendants.  Following the hearing on the Motion for Summary Adjudication, the Court requested supplemental briefing regarding whether California Probate Code § 9351 affected any of Ms. Hemphill's claims against the Personal Representative of the Estate of James J. Ryskamp (the "Personal Representative") in this action.  Supplemental briefing on the designated issue was submitted by Plaintiff on December 20, 2006, and by the Defendants on December 29, 2006.

On March 21, 2008, the Court issued its Memorandum Decision Granting Plaintiff's Motion for Summary Adjudication ("March 21, 2008 Memorandum Decision"), after considering the pleadings and papers on file and hearing the arguments of the parties.

In furtherance of, and consistent with, the March 21, 2008 Memorandum Decision, the Court HEREBY ORDERS that Plaintiff's Motion for Summary Adjudication is GRANTED.

Ms. Hemphill was and is a participant and beneficiary of the Ryskamp Plan and its several predecessor plans within the meaning

2

of ERISA.  Because Ms. Hemphill was a participant and beneficiary at the time she commenced this action, her claims under the First, Second, and Fourth Claims for Relief are not time-barred. In addition, the Court holds that California Probate Code § 9351 does not bar any of the claims asserted by Ms. Hemphill in the SAC against the Personal Representative.

The Court further declares that, as a participant and beneficiary of the Ryskamp Plan and its predecessors, Ms. Hemphill is entitled to the rights afforded to participants and beneficiaries under ERISA, including the right to request and receive the plan information and benefits required by ERISA §§ 104 and 105 [29 U.S.C. §§ 1024 and 1025], including but not limited to plan documents and an accounting of all her benefits. In particular, Ms. Hemphill is entitled to receive the following documents which she has requested but which have never been provided to her: account statements of her benefits from 2000 to present; Form 5500 annual returns from 1990 to 1993, 1995, and from 2000 to present; summary plan descriptions from 1990 to present (except for the summary plan description for the Ryskamp-Takayama Plan dated July 1993); and summaries of material modifications from 1990 to present.

FURTHER ORDERED that Defendants James J. Ryskamp, Jr., M.D., Inc. ("Ryskamp Inc.") and the Ryskamp Plan provide these documents to Ms. Hemphill within 30 days of the date of this Order, to the extent that these documents exist currently.

FURTHER ORDERED that Ryskamp Inc. provide account statements of Ms. Hemphill's benefits from 2000 to the present, regardless of whether such statements currently exist, within 30 days of the

3

1  date of this Order.  In addition, to the extent that any other of
2  the above-described documents are first created during the
3  pendency of this action, Ryskamp Inc. shall provide those
4  documents within 5 days of the date they are first created.
5       FURTHER ORDERED that Ryskamp Inc. and the Ryskamp Plan
6  provide Ms. Hemphill with a complete, up-to-date accounting of
7  her benefits from each of the various plans sponsored by Ryskamp
8  Inc., spanning the time period beginning from the entry of the
9  Stipulated Qualified Domestic Relations Order and the Orders on
10 Issues Reserved Under Bifurcated Judgment Of Dissolution Of
11 Marriage (which were filed on August 11, 1994 in Plaintiff's
12 marital dissolution proceeding) and ending on the date of this
13 order.  Ryskamp Inc. and the Ryskamp Plan shall provide this
14 accounting within 30 days of the date of this Order.
15      FURTHER ORDERED that Ryskamp Inc. pay Ms. Hemphill penalties
16 equal to $50 per day from September 3, 2003, to September 25,
17 2005 (a period of 753 days), for its failure to provide documents
18 required by ERISA.  The total amount of these penalties that
19 Ryskamp Inc. must pay to Ms. Hemphill is $37,650.00.  Payment of
20 this amount shall be made within 30 days of the date of this
21 order.
22      This Order constitutes the Court's final determination
23 regarding (1) the Fourth Claim for Relief asserted in the SAC for
24 injunctive relief and penalties against Ryskamp Inc. and (2) the
25 first and Second Claims for Relief asserted in the SAC, to the
26 extent that the First and Second Claims for Relief pray for a
27 declaration, clarification, and enforcement of Ms. Hemphill's
28 right to receive documents under ERISA §§ 104(b) and 105(a), 29

4

U.S.C. §§ 1024 and 1025, and an accounting of her benefits. There will be no further proceedings on the Fourth Claim for Relief and Ms. Hemphill's right to receive ERISA-required documents and information as asserted in the First and Second Claims for Relief, except that the Court retains jurisdiction over these matters in order to enforce this Order.

IT IS SO ORDERED.

Dated:   April 8, 2008                     /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE