IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY G. HEMPHILL,<br><br>          Plaintiff,<br><br>   vs.<br><br>PERSONAL REPRESENTATIVE OF<br>THE ESTATE OF JAMES J.<br>RYSKAMP, JR., et al.,<br><br>          Defendant. | No. CV-F-05-1319 OWW/SMS<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO FILE EXHIBIT UNDER SEAL (Doc. 99) AND VACATING HEARING ON PLAINTIFF'S MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES SET FOR JUNE 16, 2008 |

Plaintiff has filed a motion for an interim award of attorneys' fees and costs. This motion is set for hearing on June 16, 2008.

Plaintiff couples the motion for attorney's fees with an ex parte motion to file the attorneys' detailed billing records under seal as Exhibit H to the Declaration of Clarissa King. Plaintiff requests that the detailed billing records be reviewed only by the Court *in camera*, without disclosure to Defendants. Plaintiff contends that disclosure of the detailed billing

records to Defendants could be detrimental to her prosecution of the remaining claims in this action because the billing records contain points of strategy, research, and other confidential information protected by the attorney-client and work product privileges.

Defendants have not filed an opposition to Plaintiff's motion for interim award of attorneys' fees and costs or to Plaintiff's ex parte application to file the detailed billing records under seal.  Nonetheless, Plaintiff's motion to file the billing records under seal is DENIED.  Plaintiff seeks as an interim award $445,282.50 in attorneys' fees and $25,903.05 in costs.  A party opposing a fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.  *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987).  Defendants cannot perform this task without access to Plaintiff's detailed billing records.  Plaintiff's assertion that the summary of tasks filed in support of the interim fee award motion fulfills her obligation to Defendants and the Court to substantiate the fee request is unpersuasive because it denies Defendants the ability to defend against and sustain the burden of rebuttal.  It also deprives the Court of a thorough review of the parties' positions in resolving the interim fee motion.

An award of interim attorneys' fees is discretionary with

the Court and the Court cannot exercise its discretion without a fully informed response from Defendants.

For the reasons stated:

1.  Plaintiff's ex parte motion to file Exhibit H to the Declaration of Clarissa King under seal is DENIED WITHOUT PREJUDICE;

2.  The hearing on Plaintiff's motion for an interim award of attorneys' fees and costs set for June 16, 2008 is VACATED, subject to resolution of the issue.  Plaintiff is ordered to either withdraw the motion for an interim award of attorneys' fees and costs or to file Exhibit H to Ms. King's declaration and renotice the motion for hearing in accordance with the Court's civil law and motion calendar.

IT IS SO ORDERED.

Dated:   June 11, 2008                        /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE